IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO.  5:03cr24-RH/WCS

STEPHEN WEEKS,

    Defendant.

_____/

**ORDER REQUIRING RESPONSE TO
DEFENDANT'S SUBSTANTIAL ASSISTANCE MOTION**

Defendant Stephen Weeks has filed what he labels a petition for writ of habeas corpus seeking a reduction of sentence based on substantial assistance he says he has provided in the investigation or prosecution of others.  I deem this a motion to compel the government to file a motion for reduction of defendant's sentence under Federal Rule of Criminal Procedure 35(b).  The plea and cooperation agreement provided that the government would file such a motion if, in its "sole discretion," it determined that defendant provided substantial assistance.

Only the government may file a substantial assistance motion.  The grounds on which a court may review the government's refusal to file such a motion are

exceedingly narrow.

This principle is most firmly established in cases not involving a plea agreement.  *See, e.g., Wade v. United States*, 504 U.S. 181, 112 S. Ct. 1840, 118 L. Ed. 2d 524 (1992) (holding in case not involving plea agreement that court could review government's failure to file substantial assistance motion only for unconstitutional motive such as racial or religious discrimination); *United States v. Nealy*, 232 F.3d 825 (11th Cir. 2000) (stating in case not involving plea agreement that government has discretion whether or not to file substantial assistance motion and that government's decision is reviewable only for unconstitutional motive, and upholding government's election, based on defendant's commission of another offense, not to file a substantial assistance motion, even though defendant in fact provided substantial assistance).

When there *is* a plea agreement, the government of course must comply with it.  *See, e.g., Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).  But at least in this circuit, any such agreement that retains for the government the sole discretion to determine whether a defendant has provided substantial assistance is reviewable by the court only for unconstitutional motive, the same grounds recognized in *Wade* and *Nealy*.  *See United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993) (suggesting in dicta that plea agreement that preserves government discretion whether to file substantial assistance motion does not

authorize court to review under "bad faith" standard the government's exercise of that discretion); *United States v. Wilcoxson*, 77 Fed. Appx. 505 (11th Cir. 2003) (unpublished table decision) (applying *Forney* as basis for upholding denial of relief in case from this district involving plea agreement with substantial assistance provision substantively identical to provision in the case at bar).

Other circuits have taken a different approach. *See, e.g., United States v. Rexach*, 896 F.2d 710 (2d Cir. 1990) (holding that when a plea agreement provides that substantial assistance will be determined in the discretion of the prosecutor, then "the Court's role is limited to deciding whether the prosecutor has made its determination in good faith"). But that of course does not help Mr. Weeks in the case at bar; this case is being litigated in the Eleventh Circuit and thus is controlled by *Forney*. And while the circuit split on this issue presents a nice question, it seems unlikely it ultimately would make a difference in the case at bar.

So that these matters may be appropriately addressed,

IT IS ORDERED:

Defendant's petition for writ of habeas corpus (document 26) is deemed a motion to compel the government to file a motion for reduction of defendant's sentence under Federal Rule of Criminal Procedure 35(b). The government shall

*Case No: 5:03cr24-RH/WCS*

file a memorandum in response to the motion within 21 days.

SO ORDERED this 11th day of September, 2005.

<u>s/Robert L. Hinkle</u>
Chief United States District Judge
